IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                            No. CV-05-0255 JP/RLP
                                  CR-01-1616 JP

BERNARDO RODRIGUEZ,

    Defendant.

MEMORANDUM OPINION AND ORDER

    This matter is before the Court sua sponte for further consideration of Defendant's motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255 filed March 7, 2005. 28 U.S.C. § 2255 R. 4(b). The Court notes that the docket of the Court of Appeals for the Tenth Circuit indicates that on May 23, 2005, Defendant's motion to recall mandate was denied. The stay entered by order of March 18, 2005, will be lifted. In his § 2255 motion, Defendant asserts several claims of ineffective assistance of counsel. He also contends that his sentence is illegal under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Blakely v. Washington*, --- U.S. ---, 124 S. Ct. 2531 (2004).

    Defendant's *Apprendi* claim is procedurally barred because he did not raise the claim on appeal. *See United States v. Falls*, Nos. 03-2137, 03-2144, 2004 WL 407039 (10th Cir. Mar. 5, 2004). "A § 2255 motion is not available to test the legality of a matter which should have been raised on direct appeal." *United States v. Cox*, 83 F.3d 336, 341 (10th Cir. 1996) (citing *United States v. Frady*, 456 U.S. 152, 167-68 (1982). The substance of the motion should be examined, however, if the Court "can best serve the interests of judicial efficiency, conservation of judicial resources, and orderly and prompt administration of justice by . . . ruling on the merits, even though the . . .

procedural bar would also apply." *United States v. Allen*, 16 F.3d 377, 379 (10th Cir. 1994). The Court will consider the merits of Defendant's *Apprendi* claim.

The Supreme Court in *Apprendi* held that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490. Defendant was convicted on two Counts of a superseding indictment charging conspiracy and distribution of 50 grams and more of cocaine base, in violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A). At the time of his conviction, the statutory maximum penalty was life in prison. *See* § 841(b)(1)(A). Defendant's prison sentence of 188 months did not exceed the statutory maximum. Defendant's *Apprendi* claim will be dismissed.

No relief is available on Defendant's claim under *Blakely v. Washington*, --- U.S. ---, 124 S. Ct. 2531 (2004). As noted in *United States v. Price*, 400 F.3d 844, 849 (10th Cir. 2005), "*Blakely* does not apply retroactively to convictions that were already final . . . [on] June 24, 2004." Defendant's conviction became final on June 5, 2004, ninety days after the Tenth Circuit affirmed the conviction. *See United States v. Willis*, 202 F.3d 1279, 1280 (10th Cir. 2000). Nor is relief available under the subsequent decision in *United States v. Booker*, --- U.S. ---, 125 S. Ct. 738 (2005). The *Booker* ruling applies only to cases that were pending or on direct review at the time of the decision. *See Booker*, --- U.S. at ---, 125 S. Ct. at 769; *United States v. Meza-Hernandez*, No. 04-4295, 2005 WL 1231927, at *2 (10th Cir. May 25, 2005). Defendant's conviction became final before *Booker* was decided, and he may not rely on *Booker* to challenge his sentence in this collateral proceeding. The Court will dismiss Defendant's *Blakely* claim.

IT IS THEREFORE ORDERED that the stay entered by order of March 18, 2005, is LIFTED;

IT IS FURTHER ORDERED that Defendant's claims (¶ 18(d)-(e)) under *Apprendi v. New*

*Jersey*, 530 U.S. 466 (2000), and *Blakely v. Washington*, --- U.S. ---, 124 S. Ct. 2531 (2004), are DISMISSED with prejudice;

IT IS FURTHER ORDERED that the Clerk shall forward to the United States of America a copy of Defendant's motion to vacate, set aside or correct sentence and supporting papers and exhibits, if any, together with a certified copy of this Order;

IT IS FURTHER ORDERED that, within twenty-three days of receipt of this Order, the United States answer Defendant's claims of ineffective assistance of counsel (¶ 18(a)-(c)) in his motion to vacate, set aside or correct sentence.

_____
SENIOR UNITED STATES DISTRICT JUDGE