IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

FILED
UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

05 SEP 14 PM 2: 24

CLERK-ALBUQUERQUE

UNITED STATES OF AMERICA,

    Plaintiff/Respondent,

v.                                   Civ. No. 05-255 JP/RLP

BERNARDO RODRIGUEZ,

    Defendant/Movant

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION[1]

1.     This is a proceeding brought pursuant to 28 U.S.C. § 2255. Mr. Rodriguez is currently incarcerated, having been found guilty of distribution of 50 grams or more of a substance containing cocaine base and for conspiracy to commit that offense. Mr. Rodriguez' conviction was affirmed on appeal, see *United States v. Falls*, 90 Fed.Appx. 351 (10th Cir. 2004) (unpublished opinion).

2.     Mr. Rodriguez and co-conspirator Jesus Falls were arrested after selling cocaine to undercover detective Art Gamboa. Gamboa came to the residence where a confidential informant had arranged the sale from Rodriguez and Falls. Gamboa testified at trial that the informant used Gamboa's cell phone to call Rodriguez and Falls. When they arrived at the residence, the transaction was recorded by Gamboa. When Rodriguez was arrested he was in possession of a gun.

---

[1] Within ten (10) days after a party is served with a copy of the Magistrate Judge's Report and Recommendation (R&R) that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to the R&R in the United States District Court. A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the R&R. If no objections are filed, no appellate review will be allowed.

3. Mr. Rodriguez alleges ineffective counsel at trial. Mr. Rodriguez identifies the following as grounds for relief: (1) counsel failed to introduce into evidence the aforementioned tape recordings and cellular telephone records; and (2) counsel failed to call a fingerprint expert.[2]

4. Claims of ineffective assistance of counsel are construed under *Strickland v. Washington*, 466 U.S. 668 (1984), which requires the defendant to prove both that counsel's performance was constitutionally defective *and* but for counsel's errors, the result would have been different. *Id.* at 687-89.

5. Mr. Rodriguez argues that Gamboa's testimony at trial differed sharply from the tape recording of the transaction and that counsel was ineffective in not producing the recording at trial. In addition, Gamboa testified that the informant had used his cell phone to call Rodriguez and or Falls and that the phone records, which were entered into evidence, did not show such a call. Counsel was ineffective, Rodriguez argues, because he failed to point out this discrepancy.

6. As the Government points out, the tape recording of the transaction was unintelligible and both sides commented on its unavailability. Although Mr. Rodriguez complains that Gamboa's testimony was uncorroborated, he fails to point the court to any

---

[2] Mr. Rodriguez and his co-conspirator, Jesus Falls, also filed a "motion to recall mandate," arguing that *Blakely v. Washington*, 542 U.S. 296 (2004) and *United States v. Booker*, – U.S. --, 125 S.Ct. 738 (2005) applied to their case. The Tenth Circuit Court of Appeals issued an unpublished opinion on April 13, 2005 denying relief. 129 Fed.Appx. 420 (10th Cir. 2005).

reason why his counsel should have introduced the tape at trial or what he believes was on the tape that would have impeached Gamboa.

7.	As for the phone records, the Government states that Gamboa testified at trial that the informant called "someone" about the cocaine, but he did not identify that someone as either Rodriguez or Falls. Shortly after the phone call was made, Rodriguez and Falls appeared at the residence.

8.	Neither of the aforementioned grounds indicate constitutionally ineffective assistance of counsel. Mr. Rodriguez has failed at showing either prong of the *Strickland* standard.

9.	Finally, Mr. Rodriguez argues that a fingerprint expert was available to testify that his prints were not on the bags of cocaine nor on the gun he had at the time of his arrest. The Government points out that (1) Mr. Rodriguez stipulated prior to trial that none of his prints were on the bags of cocaine; and (2) because the jury acquitted Mr. Rodriguez of the firearm charge, he could not have been prejudiced by counsel's failure to call the fingerprint expert. Accordingly, this claim also fails under *Strickland*.

## RECOMMENDED DISPOSITION

I recommend that the Motion to Vacate, Set Aside or Correct Sentence and Conviction filed pursuant to 28 U.S.C. § 2255 be denied and this case dismissed with prejudice.

Richard L. Puglisi
United States Magistrate Judge